UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **JANE P. MURPHY**, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 19-cv-1954 (TSC) |
| **CHAD F. WOLF**, *Acting Secretary of Homeland Security*, | ) ) ) ) | |
| Defendant. | ) ) ) | |

## MEMORANDUM OPINION

Plaintiff Jane Murphy brings this action against Chad F. Wolf, the Acting Secretary of the Department of Homeland Security, alleging that the Department discriminated against her based on age, in violation of the Age Discrimination in Employment Act of 1967 ("ADEA"), and gender, in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"). She failed to properly and timely serve the United States Attorney and the United States Attorney General within 90 days of filing her complaint, and Defendant moved to dismiss the case. ECF No. 17, Def. Mot. For the reasons set forth below, the court will DENY Defendant's motion.

### I. BACKGROUND

Plaintiff is a former Assistant Director for the Office of Government and Public Affairs for the United States Secret Service. ECF No. 1, Compl. ¶ 4. She alleges that on January 13, 2015, when she was 55 years old and the sole female Assistant Director, she was constructively discharged from her position in violation of the ADEA and Title VII. *Id.* ¶¶ 4, 8, 23, 30, 33.

Plaintiff sued the Secretary of the Department of Homeland Security in his official capacity on June 28, 2019. *Id.* ¶ 5. Under Federal Rule of Civil Procedure 4(m), Plaintiff had 90 days—until September 26, 2019—to effectuate service of process. Under Rule 4(i), original

process must be served upon the federal officer named as a defendant and upon the United States. Original process must be served upon the United States by serving the United States Attorney for the judicial district in which the action is brought and the U.S. Attorney General. Fed. R. Civ. P. 4(i)(1).

Plaintiff served the Summons and Complaint on Defendant on September 16, 2019, within 90 days of her initial filing. Def. Mot. to Dismiss at 1. But she did not serve the United States—neither the U.S. Attorney for the District of Columbia nor the U.S. Attorney General—or move for an extension of time to complete service within the 90-day period. She eventually completed service on the United States on November 22, 2019, 57 days after the deadline had passed. ECF No. 11, Pl. Mot. for Extension of Time at 4.

On December 20, 2019, Plaintiff filed an out-of-time motion to excuse her delay, in which her lawyer accepted "full responsibility for the service of process issue," and stated that between August 2019 and November 6, 2019, he was traveling to and from Florida to care for his terminally ill uncle, for whom he was the sole caretaker, until his uncle's death on November 5, 2019. *Id.* at 4 n.3.

Defendant filed a motion to dismiss on January 17, 2020, pursuant to Rules 4(m) and 12(b)(5), challenging Plaintiff's untimely service. ECF No. 13. The court denied Defendant's motion without prejudice and stayed all proceedings pending a resolution of *Morrissey v. Mayorkas*, 17 F.4th 1150 (D.C. Cir. Nov. 9, 2021), which concerned a similar legal dispute. Following resolution of the *Morrissey* appeal, Defendant renewed his motion.

## II.    ANALYSIS

When a defendant moves to dismiss for insufficient service of process, "[t]he plaintiff bears the burden of proving that he has effected proper service." *Jouanny v. Embassy of Fr. in*

*the U.S.*, 220 F. Supp. 3d 34, 37 (D.D.C. 2016).  "[T]o do so, [it] must demonstrate that the procedure employed satisfied the requirements of the relevant portions of Rule 4 [governing summonses] and any other applicable provision of law." *Light v. Wolf*, 816 F.2d 746, 751 (D.C. Cir. 1987) (quoting 4A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, *Federal Practice & Procedure* § 1083 (4th ed.)).  "[U]nless the procedural requirements for effective service of process are satisfied, a court lacks authority to exercise personal jurisdiction over the defendant." *Candido v. District of Columbia*, 242 F.R.D. 151, 160 (D.D.C. 2007).  "Failure to effect proper service is thus a 'fatal' jurisdictional defect, and is grounds for dismissal." *Jouanny*, 220 F. Supp. 3d at 38 (quoting *Tom Sawyer Prods., Inc. v. Progressive Partners Achieving Solutions, Inc.*, 550 F. Supp. 2d 23, 26 (D.D.C. 2008).  The court has discretion to dismiss the claim or allow the plaintiff to correct service of process.  *See Wilson v. Prudential Fin.*, 332 F. Supp. 2d 83, 89 (D.D.C. 2004).

If the plaintiff shows "good cause" for failing to serve the defendant, the court does not have a choice—it "must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m).  Even in the absence of good cause, though, courts have "substantial discretion" to dismiss the claim or grant a discretionary extension. *Morrissey*, 17 F.4th at 1164.  The D.C. Circuit has found discretionary extensions of the service deadline appropriate in three types of circumstances.  The first is "'when some outside factor'"—such as a defendant evading service or concealing a defect in service—contributed to the service failure. *Mann v. Castiel*, 681 F.3d 368, 374 (D.C. Cir. 2012) (quoting *Lepone–Dempsey v. Carroll Cnty. Comm'rs*, 476 F.3d 1277, 1281 (11th Cir. 2007)).  Second, "courts will be lenient towards a *pro se* plaintiff who makes honest mistakes." *Klayman v. Obama*, 125 F. Supp. 3d 67, 77 (D.D.C. 2015); *see also Morrissey*, 17 F.4th at 1160.  Third, an extension may be appropriate "if the applicable statute of

limitations would bar the refiled action." Fed. R. Civ. P. 4(m), advisory committee note to 1993 amendment; *see also Mann*, 681 F.3d at 376.

Upon consideration of the record, the court finds that Plaintiff's untimely service of process does not warrant dismissal.

As an initial matter, under Rule 4(m), when a plaintiff fails to effectuate service, the court may dismiss the action "without prejudice" only "after notice to the plaintiff." Fed. R. Civ. P. 4(m). Unlike the two cases at issue in *Morrissey*, in which the district courts explicitly warned the plaintiffs that untimely service may result in dismissal, *see Morrissey*, 17 F.4th at 1154–55, here, the court did not issue any such warning.

In any event, the "clear preference" of the Federal Rules of Civil Procedure is "to resolve disputes on their merits," *Cohen v. Board of Trustees*, 819 F.3d 476, 482 (D.C. Cir. 2016), and not to dismiss them on "mere technicalities," *English-Speaking Union v. Johnson*, 353 F.3d 1013, 1021 (D.C. Cir. 2004) (quoting *Foman v. Davis*, 371 U.S. 178, 181 (1962)). That preference is "'particularly strong' if dismissing the claims would have 'preclusive effect'—that is, the dismissal would conclusively end the litigation." *Morrissey*, 17 F.4th at 1165 (Millett, J., dissenting) (quoting *Cohen*, 819 F.3d at 482). That is precisely the situation that this case presents: were the court to grant Defendant's motion, the statute of limitations would bar Plaintiff from refiling her lawsuit. *See* Pl. Mot. for Extension of Time at 7. In other words, granting the motion would be "tantamount to a dismissal with prejudice," *Mickles v. Country Club Inc.*, 887 F.3d 1270, 1280 (11th Cir. 2018), imposing on Plaintiff a "'death knell' that should be employed 'only as a last resort,'" *Morrissey*, 17 F.4th at 1165 (Millett, J., dissenting) (quoting *English-Speaking Union*, 353 F.3d at 1021; *Aoude v. Mobil Oil Corp.*, 892 F.2d 1115, 1118 (1st Cir. 1989)).

Defendant asks the court to impose that "death knell" on Plaintiff for what amounts to her lawyer's first-time, procedural error that did not prejudice this court or Defendant. Indeed, "the court has no indication that granting [Plaintiff] extra time to perfect service works great prejudice on" Defendant. *Wilson*, 332 F. Supp. 2d at 89; *see also M.K. v. Tenet*, 99 F. Supp. 2d 12, 17–18 (D.D.C. 2000) (granting plaintiff additional time to serve unknown CIA defendants despite plaintiff's failure to do anything by way of service for eight months—twice the statutory limit). Plaintiff timely served Defendant, remedied the defect in service on the United States 57 days later, and Defendant does not present any argument as to how he or the United States has been prejudiced. *See generally* Def. Mot.

> In cases such as this, the words of one D.C. Circuit Judge are particularly salient:
>
> The credibility of the judicial branch depends critically on the fairness and openness with which we administer justice to those parties who entrust their disputes to the courts for resolution. Part of being fair and open is recognizing that, in the litigation process, good faith mistakes inevitably happen. When, as here, those mistakes are one-off and easily remedied technical missteps in the initial processing of a case, and neither bear on the merits nor prejudice the defendants or courts, the sanction for the lawyer's misstep should not be the death of the party's case. At the least, before such irreversible harm occurs, district courts should openly acknowledge the fatal consequences of a dismissal and provide sound and specific reasons that justify ending a party's case before it even begins.
>
> . . .
>
> Lawyers, like judges, are human. And humans sometimes make good faith mistakes. Without more, that hardly merits dealing a case a mortal blow at the service-of-process stage.

*Morrissey*, 17 F.4th at 1165, 1184 (Millett, J., dissenting).

Having weighed the "fatal consequences of a dismissal" against the absence of prejudice on this court and Defendant, and having considered the particular circumstances of Plaintiff's delayed service, the court finds that dismissal is not warranted.

### III. CONCLUSION

For reasons explained above, the court will DENY Defendant's Motion to Dismiss, ECF No. 17.

Date: September 22, 2022

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge